1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

\* \* \*

7    SERGIO ALOE-MEJIA,

8                    Petitioner,                    Case No.: 2:26-cv-00451-RFB-NJK

9        v.                                          **ORDER GRANTING WRIT OF HABEAS**
                                                      **CORPUS**
10

11    KRISTI NOEM, *et al.*,

12                    Respondents.

13

14          Before the Court is Petitioner Sergio Aloe-Mejia's Petition for Writ of Habeas Corpus

15    ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at

16    Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs

17    Enforcement ("ICE"). Petitioner asserts his detention by Respondents without a bond hearing

18    under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act (INA) because he is

19    properly detained under § 1226(a) and its implementing regulations and violates the Due Process

20    Clause of the Fifth Amendment. See Petition ("Pet.") at 6-7, ECF No. 1.

21          The only authority Respondents provide for continuing to detain Petitioner without a bond

22    hearing is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly

23    found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL

24    310090 (D. Nev. Feb. 5, 2026) (collecting cases). For the following reasons, and consistent with

25    its prior decisions, the Court finds Respondents' ongoing detention of Petitioner under §

26    1225(b)(2)(A) is unlawful under the INA and Due Process Clause. Thus, the Court grants the

27    Petition and orders Respondents to provide Petitioner a prompt bond hearing or immediately

28    release him from custody.

          The Court makes the following findings of fact. Petitioner is a native and citizen of Mexico

1   who has resided continuously in the United States since 2006, when he entered the country without

2   inspection. See ECF No. 1 at 5. His only criminal history is a January 31, 2026 arrest by North Las

3   Vegas Police Department ("NLVPD") for allegedly driving under the influence and a traffic

4   offense. See Form I-213, ECF No. 1-2. NLVPD detained him, sent ICE Enforcement and Removal

5   Operations ("ERO") a Temporary Custody Record, and ERO lodged an immigration detainer,

6   Form I-247A, that same day. See id. The next day, February 1, 2026, NLVPD informed ERO that

7   Petitioner was ready for release, and subsequently, ICE took him into custody and commenced

8   removal proceedings against him, charging him as, *inter alia*, being present in the United States

9   without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See id.

10       On February 9, 2026, Petitioner sought a custody redetermination hearing (*i.e.* bond

11   hearing) pursuant to 8 C.F.R. § 1236. See Pet., Ex. B, Bond Order, ECF No. 1-3. Before the Las

12   Vegas Immigration Court, Petitioner's counsel argued that the class wide declaratory judgment in

13   Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec.

14   18, 2025) entitled Petitioner, as a class member, to an individualized bond hearing under § 1226(a)

15   and its implementing regulations. See id. at 2-3. The immigration judge ("IJ") acknowledged the

16   declaratory judgment, but denied Petitioner a bond hearing, finding that because Matter of Yajure

17   Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado" had not yet been vacated, the

18   immigration court "lacks jurisdiction to redetermine the [Petitioner's] custody status." Id.

19   However, on February 18, 2026, the Maldonado Bautista Court *did* vacate Hurtado under the

20   Administrative Procedure Act, 5 U.S.C. § 706(2)(A). See Maldonado Bautista v. Noem, No. 5:25-

21   CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). Consequently, the immigration

22   court's legal basis for not providing Petitioner with an individualized bond hearing is now void.

23       Further, this Court independently rejects Respondents' and Hurtado's statutory

24   interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by

25   ICE far from any border or port of entry after years of residence in this country, for the reasons

26   discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by

27   reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-

28   RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d

1    ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). The

2    Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case

3    law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi,

4    Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the

5    reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by

6    other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4

7    (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo.

8    Feb. 9, 2026).

9         Moreover, Buenrostro-Mendez did not address an as applied constitutional challenge to

10    Respondents detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court

11    incorporates by reference the legal authorities and standards set forth in Escobar Salgado regarding

12    the due process rights of noncitizens in Petitioner's position, including the Court's findings

13    regarding Respondents' erroneous reliance on Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S.

14    103 (2020) to contend that all undocumented noncitizens present in this country have no right to

15    due process under the Constitution. 2025 WL 3205356, at *22-24; see also Padilla v. U.S. Immig.

16    and Cust. Enf't, 704 F. Supp. 3d 1163 (W.D. Wash. 2023). Consistent with its prior decisions the

17    Court finds that Respondents' civil detention of Petitioner without a bond hearing and without

18    providing any individualized, constitutionally recognized justification for his detention violates

19    his procedural and substantive due process rights. See id. The Court therefore orders Respondents

20    to provide Petitioner a bond hearing wherein the government bears the burden of establishing an

21    individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his

22    detention is necessary to prevent danger to the community or to ensure his future appearance at

23    removal proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

24         Consistent with its broad equitable authority to fashion a habeas remedy for unlawful

25    detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty

26    that Petitioner has suffered and continues to suffer, Respondents must provide a bond hearing

27    promptly, no later than **March 3, 2026**, or immediately release him from custody on his own

28    recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

1    Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for

2    Writ of Habeas Corpus is **GRANTED**.

3    **IT IS FURTHER ORDERED** that the (ECF No. 2) Motion for Preliminary Injunction is

4    **DENIED as moot.**

5    **IT IS FURTHER ORDERED** that Respondents, including the immigration court, must

6    provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a)

7    no later than **March 3, 2026**. The immigration court must create a contemporaneous record of the

8    bond hearing that is available to Petitioner upon request. See, e.g., Rodriguez v. Robbins, 715 F.3d

9    1127, 1136 (9th Cir. 2013).

10    **IT IS FURTHER ORDERED** that if bond is granted, Respondents

11    are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has

12    received notice of the hardship other petitioners have incurred in their efforts to satisfy bond

13    through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be

14    afforded until **April 3, 2026** to satisfy any monetary bond conditions.

15    **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

16    from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already

17    found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See

18    Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

19    **IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not

20    conducted by **March 3, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER**

21    from custody **ON HIS OWN RECOGNIZANCE**.

22    **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

23    from detaining Petitioner during the pendency of his current removal proceedings unless and until

24    it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate

25    bond hearing.

26    **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

27    from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

28    **IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **March 4,**

1    **2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied,

2    and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred,

3    the status report shall confirm Petitioner's release from detention in compliance with this Order.

4          The Clerk of Court is instructed to enter judgment accordingly and close this case. The

5    Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this

6    matter to enforce the judgment without filing a separate case. The Court also retains jurisdiction

7    to consider Petitioner's request for fees and costs. Any fee petition should be filed within the

8    deadlines and consistent with the requirements set by the Equal Access to Justice Act, 28 U.S.C.

9    § 2412.

10         **DATED:** February 26, 2026.

11

12                                                    _____

13                                                    **RICHARD F. BOULWARE, II**
                                                      **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28